IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRANDON SMITH and KYLEE FARRAR-SMITH, Husband and Wife,  )<br>)<br>Plaintiffs,  )<br>)<br>vs.  )<br>)<br>STATE FARM FIRE AND CASUALTY COMPANY,  )<br>)<br>)<br>Defendant.  ) | Case No. CIV-21-660-C |

## MEMORANDUM OPINION AND ORDER

Plaintiffs filed the present action asserting claims for breach of contract and bad faith following disagreement over the extent of damage to a home owned by Plaintiffs and insured by Defendant. Defendant seeks dismissal of the case based on Plaintiffs' failure to file before expiration of the contractual statute of limitations. Plaintiffs' date of loss was August 26, 2019. Plaintiffs filed this action on June 1, 2021. Defendant argues this filing was untimely, as the contract requires any action to be filed within one year of the date of loss.

In response, Plaintiffs direct the Court to a number of facts which demonstrate the fallacy of Defendant's argument. First, Plaintiffs note the Oklahoma Insurance Department issued a bulletin which delayed all reporting deadlines and extended all policyholder rights or benefits until 90 days after expiration of the Oklahoma Governor's declaration of emergency arising from the COVID-19 pandemic. As Plaintiffs note, that declaration of emergency ended May 3, 2021, and the present lawsuit was filed

substantially less than 90 days later. Thus, this matter was filed within the limitations period.

Plaintiffs also direct the Court to correspondence between Defendant's adjustor and the entity that was assisting Plaintiffs with their claim prior to filing the lawsuit. On June 10, 2020, in a recorded discussion, Defendant's adjustor specifically stated that Defendant was extending the statute due to the insurance department bulletin. At a minimum, this statement waives Defendant's right to rely on the policy limitations period. See Prudential Fire Ins. Co. v. Trave-Taylor Co., 1944 OK 272, 152 P.2d 273. After application of the waiver by Defendant, Plaintiffs' action was timely filed. Accordingly, Defendant's Motion will be denied.

As set forth more fully herein, Defendant's Motion to Dismiss (Dkt. No. 5) is DENIED.

IT IS SO ORDERED this 27th day of July 2021.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge